IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
*Miami Division*

| | |
|---|---|
| **HERMANN SPICKER,** *Plaintiff*, v. **BRAND INSTITUTE, INC.,** 200 SE 1st Street 12th Floor Miami, FL 33131, *Serve resident agent:* James Dettore/Title Manager 200 SE 1st Street 12th Floor Miami, FL 33131, FL 33131, *Defendant*. | Case No. 1:23cv20910 **Complaint for Violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101** *et seq.***, the Family Medical Leave Act of 1993, 29 U.S.C. 2601** *et seq.***, and the Mass. Paid Family & Medical Leave Law, M.G.L. 175M** *et seq.* **Jury Trial Demanded** |

**COMPLAINT**

Plaintiff Hermann Spicker, by and through counsel, files this complaint and demand for jury trial against Defendant Brand Institute, Inc. for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. (ADA), the Family Medical Leave Act of 1993, 29 U.S.C. 2601 *et seq*. (FMLA), and the Massachusetts Paid Family and Medical Leave Law, M.G.L. 175M *et seq*. (PFML).

**JURISDICTION**

1. The Court has jurisdiction over this action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., and the Family Medical Leave Act of 1993, 29 U.S.C. 2601 *et seq*.

1

2. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367 because the facts and circumstances of the Massachusetts Paid Family and Medical Leave Law claim derive from a common nucleus of operative fact as the federal claim such that Plaintiff would ordinarily be expected to try them all in one judicial proceeding.

3. Jurisdiction is proper because Plaintiff has exhausted his administrative remedies.

4. Venue lies in this Court pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged in this action took place in Miami, FL, where Defendant is headquartered.

## PARTIES

5. Plaintiff is a resident of Boston, Massachusetts, and Defendant employed him from in or about October 2009 until on or about January 6, 2022.

6. Defendant Brand Institute, Inc. ("BI") is a Florida corporation with its principal place of business in Miami, Florida.

## ADMINISTRATIVE EXHAUSTION

7. On November 1, 2022, Spicker timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

8. On February 27, 2023, the EEOC issued Spicker a Notice of Right to Sue.

9. The Court has jurisdiction over this action because Spicker has exhausted his administrative remedies under the ADA.

## FACTUAL ALLEGATIONS

10. Spicker is a 36-year-old man who suffers from bipolar disorder.

11. BI hired Spicker in or about 2009 to work in its Miami, Florida, headquarters, where he reported directly to James Dettore, BI's chief executive officer.

12. Spicker reported directly to Dettore and received all direction from BI's Miami office at all times during his employment.

13. BI promoted Spicker in or about 2016 to be its divisional president for the eastern United States and president of BI's Boston, Massachusetts office.

14. Spicker was hospitalized on or about October 30, 2021, at Massachusetts General Hospital, where physicians diagnosed him with unspecified mood disorder and manic behavior. His physicians advised Spicker to follow up with a psychiatrist upon discharge, which he did.

15. Spicker's psychiatrist, Dr. Jungjin Kim, emailed Dettore on or about November 4, 2022, and requested that BI provide Spicker a medical leave of absence.

16. Dr. Kim informed Dettore that Spicker required a medical leave of absence for medical treatment to obtain a diagnosis for the mood disorder condition he had been experiencing.

17. Dettore responded to Dr. Kim's request and approved Spicker's medical leave of absence from on or about November 4, 2021, to on or about December 31, 2021.

18. Because December 31, 2021, was the Friday before New Year's Day, Spicker was set to return to work on Tuesday, January 4, 2022, which was the next business day.

19. Dettore contacted Spicker during his medical leave and asked Spicker when he would return to work, and Spicker responded to these messages and provided the requested information.

20. Spicker was unexpectedly hospitalized on or about December 27, 2021, for

psychiatric evaluation, and he was discharged on or about December 28, 2021. Upon his discharge, Spicker contacted BI's vice president of human resources and legal affairs, Jacqueline Chamberlain, to inquire about extending his medical leave of absence.

21.     Chamberlain erroneously informed Spicker that he was not eligible for leave under the FMLA and instead directed that Spicker take medical leave and seek benefits pursuant to the PFML, which requires employees like Spicker to file an application with the Massachusetts state government.

22.     Chamberlain also informed Spicker that Spicker would need to provide a doctor's note clearing him to return to work without any restrictions before BI would be willing to place him back into his job, evidencing BI's refusal engage in an interactive process or to accommodate Spicker's disabilities in any form or manner.

23.     On or about January 1, 2022, Spicker's mother advised Dettore and BI via email that Spicker had not been medically cleared to return to work. Spicker's mother also reported to BI that Dr. Kim was out of the country and that he would provide a letter requesting an extension of Spicker's medical leave so that Spicker might receive additional medical treatment for his disabling conditions promptly upon his return.

24.     Dettore did not respond to this email and BI terminated Spicker's employment on or about January 6, 2022.

25.     Spicker has sustained mental anguish and economic damages as the result of BI's illegal actions, and Spicker will continue to sustain damages into the future.

**COUNT I**
**Discrimination Based on Disability and Failure to Accommodate**
**in Violation of the Americans with Disabilities Act**

26.     Plaintiff adopts and incorporates by reference the averments of the preceding

paragraphs as if fully set forth herein.

27. At all times relevant to this complaint, Spicker was an "employee" as defined by 42 U.S.C. §12111(4).

28. At all times relevant to this complaint, Defendant was an "employer" as defined by 42 U.S.C. §12111(5)(A).

29. Defendant unlawfully discriminated against Plaintiff on the basis of his disability.

30. The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* makes it unlawful for an employer to discriminate against any individual with respect to his terms, conditions, or privileges of employment because of his disability.

31. Plaintiff is a disabled individual under the ADA, as his bipolar disorder impacts several aspects of his daily life.

32. Plaintiff is a qualified individual under the meaning of the statute. He was a longtime employee who had no prior discipline.

33. Defendant discriminated against Plaintiff when Defendant demanded that Plaintiff be cleared to return to work without any restrictions.

34. Defendant further discriminated against Plaintiff when it terminated him while he was on leave treating his disability.

35. Any asserted reason for this mistreatment is illegitimate pretext for unlawful discrimination.

36. As a result of Defendant's violations of the ADA, Plaintiff has suffered mental anguish and economic damages, and he will continue to suffer damages into the future.

**COUNT II**
**Interference and Retaliation in Violation of**

## The Family Medical Leave Act

37. Plaintiff adopts and incorporates by reference the averments of the preceding paragraphs as if fully set forth herein.

38. At all times relevant to this complaint, Spicker was a "person" and an "employee" as defined by 29 U.S.C. § 2611(2)(A).

39. At all times relevant to this complaint, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4)(A). During all relevant times BI controlled the terms and conditions of Spicker's employment from its office in Miami, Florida, where more than 50 employees work.

40. Spicker was eligible to take FMLA leave as he had been an employee for longer than 12 months prior to requesting it in December 2021.

41. Spicker engaged in protected conduct when he attempted to exercise his rights under the FMLA by requesting leave to treat a serious health condition on or about December 28, 2021.

42. Spicker further engaged in protected activity when his mother requested leave on his behalf on or about January 1, 2022.

43. Defendant violated the FMLA when it denied Spicker FMLA benefits on or about December 28, 2021, when it erroneously informed Spicker that he was not eligible to take FMLA leave and denied him this benefit.

44. Defendant violated the FMLA when it terminated Spicker on or about January 6, 2022.

45. Spicker sustained and is continuing to sustain damages as the result of the Defendant's illegal actions in violation of the FMLA.

## COUNT III
### Retaliation and Interference in Violation of

### The Massachusetts Paid Family and Medical Leave Law

46. Plaintiff adopts and incorporates by reference the averments of the preceding paragraphs as if fully set forth herein.

47. At all times relevant to this complaint, Plaintiff was an "employee" as defined by M.G.L. 175M § 1.

48. At all times relevant to this complaint, Defendant was an "employer" as defined by M.G.L. 175M § 1.

49. Plaintiff was entitled to leave under the PFML, and he attempted to exercise this right when he requested additional leave to treat a serious health condition on or about December 28, 2021, and January 1, 2022.

50. Defendant interfered with Plaintiff's attempt to exercise his right and retaliated against him for attempting to exercise this right when it terminated him on or about January 6, 2022.

51. Any asserted reason for this mistreatment is illegitimate pretext for unlawful discrimination.

**52.** As a result of Defendant's violations of the PFML, Plaintiff has suffered mental anguish and economic damages, and he will continue to suffer damages into the future.

### PRAYER FOR RELIEF

Based on the foregoing, Plaintiff respectfully requests that he be awarded the following relief:

    a. Judgment against Defendant in an amount of wages, salary, employment benefits, or other compensation denied or lost to Spicker, including economic damages, liquidated damages, compensatory and punitive damages to be determined at trial;

b.  Re-employment, reinstatement, promotion, front pay, or other equitable relief;

c.  Pre-judgment interest;

d.  Interest due on unpaid wages;

e.  Punitive damages;

f.  A reasonable attorney's fee and costs of this litigation;

g.  Injunctive and declaratory relief;

h.  Reasonable expert witness fees; and

i.  Any other relief that this Honorable Court deems just and proper to award.

## JURY DEMAND

Plaintiff demands a jury for all issues proper to be so tried.

Respectfully submitted,

 /s/ R. Scott Oswald
R. Scott Oswald, Bar No. 158437
John T. Harrington, *pro hac vice to be filed*
The Employment Law Group, P.C.
1717 K Street NW, Suite 1110
Washington, D.C. 20006-5345
(202) 261-2830 (telephone)
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
tharrington@employmentlawgroup.com
*Counsel for Plaintiff*